TAMARA CREPET, Bar No. 277408
Pier 9, suite 100
San Francisco, CA 94111
Telephone:    (415) 517-3496
Email:        Tamara@taclaw.org

Counsel for Defendant Freeman

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS FREEMAN,<br><br>Defendant. | **Case No.:** CR 24-00096 LB<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Courtroom: 15B<br>Hearing Date: December 4, 2025<br>Hearing Time: 10:30 a.m. |

## I.    INTRODUCTION

Marcus Freeman is a thirty-eight-year-old man with one prior conviction for a non-violent offense that took place seventeen years ago. He plans to plead guilty, pursuant to a plea agreement with the government, to the Class B misdemeanor charge of failing to report a motor vehicle accident in violation of 36 C.F.R. § 4.4(a). Mr. Freeman respectfully requests that the Court impose a one-year probationary sentence as set forth in the plea agreement.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 30, 2022, Mr. Freeman was involved in a collision with a bicyclist near Chrissy Field Center. It is not clear who was at fault for the accident. Mr. Freeman asked the bicyclist whether he was okay but failed to exchange information with him and failed to report the incident to law enforcement within twenty-four hours. Mr. Freeman was also dishonest

*FREEMAN*, CR 24–00096 LB

with law enforcement when they initially asked him about the collision on May 3, 2022. The next day, however, Mr. Freeman met with law enforcement, provided them with full information about the incident, and apologized for how he had handled the collision.

On February 15, 2024, Mr. Freeman was charged by information with one count of failing to report a motor vehicle accident in violation of 36 C.F.R. § 4.4(a), and one count of providing a false report to law enforcement in violation of 36 C.F.R. § 2.32(a)(3)(i). Dkt. 1. He made his first appearance and was arraigned on March 26, 2024. Dkt. 4.

### III.    TITLE 18 UNITED STATES CODE SECTION 3553(a) FACTORS

Mr. Freeman respectfully requests that the Court consider several factors in connection with the § 3553(a) factors and Mr. Freeman's request for a probationary sentence.

*First*, it is mitigating that Mr. Freeman voluntarily contacted law enforcement days after the accident to admit his involvement and apologize for his initial lack of candor. While immediate reporting of the accident would have been preferable, it is commendable that Mr. Freeman ultimately chose to disclose the incident to law enforcement within a few days of its occurrence.

*Second,* Mr. Freeman has led a law-abiding life with no arrests or convictions in the approximate three and a half years since the collision took place. This is significant because Mr. Freeman's post-offense conduct indicates that he does not need to serve jail time to remedy his behavior. In her letter to the Court, Mr. Freeman's mother, Terri Love, writes that at the time of the accident Mr. Freeman was struggling with a divorce, child custody-related issues, and losing his job after his employer filed for bankruptcy. Crepet Decl., Ex. A (Letter of Support by Terri Love). She writes that Mr. Freeman has since matured, settled matters related to child custody, and is now pursuing his education so that he can start his own business. *Id.* These are all positive post-offense rehabilitative steps that the Court may consider when fashioning an appropriate sentence. *United States v. Trujillo*, 713 F.3d 1003, 1010 (9th Cir. 2013) (stating that "post-sentencing or post-offense rehabilitation—particularly in light of its tendency to reveal a defendant's likelihood of future criminal conduct—is a critical factor to consider in the imposition of a sentence").

*Third*, Mr. Freeman's criminal history is significant as it shows that his actions in the instant offense are inconsistent with his conduct over the past several years. For the past decade, Mr. Freeman has not had an arrest or conviction. In 2008, seventeen years ago, he sustained a criminal conviction for the sale of controlled substances for which he was sentenced to three days in jail and five years of probation. He has had no convictions since this time.

## IV.    CONCLUSION

Based on the above, Mr. Freeman respectfully requests that the Court sentence him to one year of probation in accord with the plea agreement.

November 27, 2025                    Respectfully submitted,

                                   /s
                                   TAMARA CREPET
                                   Counsel for defendant